# EXHIBIT A



STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN                                                                                          DIVISION OF SOCIAL JUSTICE
ATTORNEY GENERAL                                                                                                        CIVIL RIGHTS BUREAU

October 17, 2016

Peter S. Kosinski, Co-Chair
Douglas A. Kellner, Co-Chair
Andrew J. Spano, Commissioner
Gregory P. Peterson, Commissioner
New York State Board of Elections
40 North Pearl Street, Suite 5
Albany, NY 12207-2729

VIA FIRST CLASS MAIL AND EMAIL

Dear Co-Chairs Kosinski and Kellner, and Commissioners Spano and Peterson:

The New York State Office of the Attorney General ("OAG") is committed to protecting the rights of all eligible voters to participate fully and meaningfully in the electoral process. To that end, the OAG has operated a statewide hotline during almost every election since 2012. During the Presidential Primary on April 19, 2016, our office received an unprecedented number of complaints from voters in counties throughout the state alleging various issues with the registration and voting processes.

Consequently, the OAG is conducting an inquiry into these complaints, which includes reviewing the laws, policies, and practices that govern voter registration and voting.[1] Our goal is to determine what, if any, election administration reforms are necessary to ensure access to the ballot box. We plan to release detailed findings and recommendations for reform once we conclude our review.

In the interim, we write to alert you to our preliminary findings concerning the practices of local Boards of Elections ("BOEs") regarding affidavit ballots. As you are aware, both New York State and federal election law provide all voters who reside in an election district the right to cast

---

[1] After the Primary, the OAG sent letters to eight local Boards of Elections ("BOEs") representing 13 counties (see footnote 3) requesting information regarding individual voter registration files, voter registration policies and procedures, and affidavit and absentee balloting information. The OAG is reviewing this information and has interviewed senior BOE officials about their policies and procedures governing the electoral process. We also have been in communication with Brian L. Quail in counsel's office at the New York State Board of Elections ("NYS BOE"). Mr. Quail is currently consulting with other NYS BOE staff to gather information in response to questions we have submitted to him. We thank Mr. Quail for his responsiveness to our queries and continued assistance.

paper ballots after signing an affidavit affirming their eligibility.[2] However, our review of the written policies of eight large BOEs in New York State,[3] as well as information gathered in interviews with officials at these BOEs, suggests that many poll workers are not receiving consistent guidance about their legal obligations with respect to affidavit ballots. Indeed, as explained in more detail below, we have identified some BOE policies and procedures that do not comply with New York State and federal election laws.  For that reason, the OAG requests that the New York State Board of Elections ("NYS BOE") take immediate action to ensure that affidavit ballots are made available to voters as required by law during the upcoming General Election on November 8, 2016.

Under New York State Election Law § 8-302(3-a), if a person residing at an address in an election district is not in the poll book for that poll site, poll workers should advise "such person of his right to, and of the procedures by which he may, cast an affidavit ballot or seek a court order permitting him to vote, and shall also give every such person who does not cast an affidavit ballot, an application for registration by mail."  Under the Help America Vote Act ("HAVA"),

> "if an individual declares that such individual is a registered voter in the jurisdiction in which the individual desires to vote and that the individual is eligible to vote in an election for Federal office, but the name of the individual does not appear on the official list of eligible voters for the polling place or an election official asserts that the individual is not eligible to vote, such individual shall be permitted to cast a provisional ballot..."[4]

During the Presidential Primary, the OAG received complaints from voters in Albany, Clinton, Erie, Niagara, Ontario, Westchester, and Suffolk Counties who reported that they were denied affidavit ballots at their poll sites although they believed they were eligible to vote. The OAG's review found significant inconsistencies among BOEs' written policies regarding when affidavit ballots must be provided and the steps that should be taken, if any, to verify the voter's eligibility. Only one of the BOE policies that we examined – New York City's – adheres to the clear requirement that all voters must be offered an affidavit ballot even if the poll worker believes the voter is ineligible to vote in the election. By contrast, the written policies of Albany and Onondaga state that poll workers must call the BOE prior to providing an affidavit ballot.[5] Most of the queried BOEs indicated that they have an informal policy of providing liberal access to affidavit ballots if voters state that they are eligible to vote, even if this cannot be verified on Election Day. For example, senior officials in the Onondaga BOE indicated during an interview

---

[2] N.Y. Elec. Law § 8-302(3)(e)(ii); 52 U.S.C. § 21082.
[3] As part of our inquiry, the OAG has contacted eight of the largest BOEs in the state – representing 13 counties in total -- to follow up on individual voter complaints.  Specifically, the OAG is focusing our inquiry on the five counties in New York City (Bronx, Kings, New York, Queens and Richmond Counties), as well as Nassau, Suffolk, Westchester, Erie, Onondaga, Monroe, and Albany Counties. Seventy-three percent of registered voters in New York State reside in these 13 counties. *See New York State Voter Enrollment by County, Party Affiliation and Status,* NEW YORK STATE BOARD OF ELECTIONS (Apr. 1, 2016), http://www.elections.ny.gov/NYSBOE/enrollment/county/county_apr16.pdf.  These counties also account for more than 80% of the complaints recorded by the OAG during the Presidential Primary for which voters reported their county of residence.
[4] An affidavit ballot is the equivalent of a provisional ballot under HAVA. 52 U.S.C. § 21082.
[5] Onondaga's materials state, "DO NOT GIVE A VOTER AN AFFIDAVIT BALLOT UNTIL YOU OR THE VOTER SPEAKS TO THE BOARD OF ELECTIONS." (emphasis in the original); Albany's materials state, "Call the Board of Elections . . . BEFORE issuing an Affidavit Ballot." (emphasis in the original).

that, in contrast to their written procedures, poll workers are instructed during trainings to provide affidavit ballots to voters who insist they are eligible. Further, they stated that poll workers are not required to call the BOE to verify eligibility. This was echoed in interviews with senior election officials at the Nassau and Suffolk County BOEs. In contrast, Albany County BOE indicated during interviews that, in practice, they do not provide affidavit ballots to everyone who requests them.

Individuals who are eligible to vote and arrive at a polling place seeking to cast ballots in the General Election may not appear in poll books for a variety of reasons, many of which may have occurred through no fault of the voter. The OAG is concerned that many poll workers will be unaware of, or confused about, their legal obligations to provide affidavit ballots on November 8th, because they have not received clear and consistent written and verbal guidance on providing affidavit ballots.

For these reasons, the OAG urges that in advance of the November 8th General Election the NYS BOE issue clear guidance to local BOEs regarding the (a) procedures for determining the eligibility requirements for affidavit ballots; (b) process for casting such ballots; (c) importance of reviewing affidavit envelopes for completeness; and (d) necessity of providing persons who choose not to cast affidavit ballots with voter registration applications. BOEs also should be advised to provide written guidance and training to their poll workers, and to ensure that poll sites have sufficient affidavit ballots and voter registration applications to meet demand.

The OAG appreciates your cooperation on this matter, and we look forward to further collaborating with you in the coming months as we address issues in our State's voter registration and voting processes. If you have any questions, please contact our office.

Sincerely,

*Lourdes Rosado/APS*

Lourdes M. Rosado
Bureau Chief

cc:   Brian L. Quail, Co-Counsel
      Kimberly Galvin, Co-Counsel
      Todd D. Valentine, Co-Executive Director
      Robert A. Brehm, Co-Executive Director