# EXHIBIT 1

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                            No.  CIV-93-1134-LH/LFG

CIBOLA COUNTY, NEW MEXICO;
CIBOLA COUNTY BOARD OF
COMMISSIONERS; ELMER CHAVEZ,
BENNIE COHOE, FRANK EMERSON,
ANTONIO GALLEGOS, EDWARD
MICHAEL, and JANE PITTS, Members
of the Cibola County Board of
Commissioners; and EILEEN M.
MARTINEZ, Cibola County Clerk.

    Defendants.

## SECOND ORDER
### EXTENDING AND MODIFYING STIPULATION AND ORDER
### ORIGINALLY ENTERED APRIL 21, 1994

Before BALDOCK, Circuit Judge, and CONWAY and HANSEN, Senior District
Judges.*

PER CURIAM.

---

    * This three judge panel is convened in accordance with 28 U.S.C. § 2284 and 42
U.S.C. § 1973aa-2.

1

Plaintiff United States initiated this action in September 1993 alleging violations of the Voting Rights Act of 1965 (VRA) against Defendants Cibola County, New Mexico, and its duly elected officials. According to the complaint, VRA violations arose from election practices and procedures adversely affecting Native Americans residing in Cibola County. Pursuant to a court-approved "Stipulation and Order" (decree), the United States has kept careful watch over Cibola County's electoral process for the past thirteen years. The Court entered the original decree in this case directing Defendants' compliance with the VRA on April 21, 1994. Upon the decree's expiration ten years hence, the Court on May 3, 2004, modified and extended the decree at the parties' behest. The first order modified and extended the original decree through December 31, 2006. Now before the Court is the parties' joint motion for a second order modifying and extending the decree through January 15, 2009. Cibola County and its duly elected officials concede that, although "some progress" has been made, they remain in violation of the VRA and the Court's decree. Pursuant to an amended complaint filed January 31, 2007, the county and it officials further concede their voting practices and procedures violate the National Voter Registration Act of 1993 (NVRA) and the Help America Vote Act of 2002 (HAVA).[1]

The Court grants the parties' joint motion (doc. # 88), and incorporates into this order their Amended Joint Stipulation and Native American Election Information Program (doc. # 89). The decree originally entered on April 21, 1994, and first modified on May 3, 2004,

---

[1] Defendants stipulated to the filing of the amended complaint. See Fed. R. Civ. P. 15(a).

is hereby modified and extended a second time. The Court shall retain jurisdiction over the second modified and extended decree through January 15, 2009, after which date the parties should be prepared for the entry of final judgment herein. Cibola County and its duly elected officials are hereby directed to come into complete compliance with the VRA, NVRA and HAVA by that date. The parties are forewarned that, after thirteen years, the time for Defendants to fully comply with federal law is now. If Defendants are not in complete compliance with the VRA, NVRA and HAVA on January 15, 2009, the Court shall direct Defendants to show cause whey they should not be held in contempt of this Court's decree. See United States v. McKinley County, 941 F. Supp. 1062, 1065 (D.N.M. 1996) ("Entry of a consent decree is a discretionary exercise of judicial power enforceable by contempt.").

SO ORDERED.

Entered for the Court
this 19th day of March, 2007


_____
Bobby R. Baldock
United States Circuit Judge


_____
John E. Conway
Senior United States District Judge


_____
C. LeRoy Hansen
Senior United States District Judge

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 93-1134-LH/LFG |
| | ) | |
| CIBOLA COUNTY, NEW MEXICO; | ) | |
| CIBOLA COUNTY BOARD OF | ) | |
| COMMISSIONERS; ELMER CHAVEZ, | ) | |
| BENNIE COHOE, FRANK EMERSON, | ) | |
| ANTONIO GALLEGOS, EDWARD | ) | |
| MICHAEL, and JANE PITTS, Members | ) | |
| of the Cibola County Board of | ) | |
| Commissioners; and EILEEN M. | ) | |
| MARTINEZ, Cibola County Clerk, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED JOINT STIPULATION

The United States and Defendants ("Cibola County" or "the County"), agree through their undersigned counsel to the following Amended Joint Stipulation.

Cibola County has been subject to Section 203 of the Voting Rights Act of 1965, as amended, 42 U.S.C. § 1973aa-1a, ("Section 203") since 1984 for American Indians who speak the Keresan language. In 1992, the County's coverage under Section 203 was extended to American Indians who speak the Navajo language. In 2002, the Director of the Bureau of the Census determined that coverage under Section 203 should be continued for both language groups. This coverage was triggered by three American Indian reservations located in whole or in part in the County – the Acoma Pueblo ("Acoma"), the Laguna Pueblo ("Laguna"), and the Ramah Chapter of the Navajo Nation ("Ramah").

Section 203 requires that all information that is provided by Cibola County in English about voter "registration or voting notices, forms, instructions, assistance, or other materials or information relating to the electoral process, including ballots," must be provided in the Keresan and Navajo languages to the extent that they are needed to allow language minority group members to be informed of and participate effectively in the electoral process and all voting-related activities. 42 U.S.C. § 1973aa-1a(c). The provisions of Section 203 apply to all stages of the electoral process, "including, for example the issuance, at any time during the year, of notifications, announcements, or other informational materials concerning the opportunity to register, the deadline for voter registration, the time, places and subject matters of elections, and the absentee voting process." *Attorney General's Procedures for the Implementation of the Provisions of the Voting Rights Act Regarding Language Minority Groups*, 28 C.F.R. § 55.15. Because the Keresan and Navajo languages are historically unwritten, defendants are required to furnish oral instructions, assistance and other information relating to registration and voting in the Keresan and Navajo languages. 42 U.S.C. § 1973aa-1a(c); see also 28 C.F.R. § 55.12(c).

The United States filed this action against Cibola County, New Mexico, the Cibola County Board of Commissioners, the individual members of the Cibola County Board of Commissioners, and the Cibola County Clerk (collectively, "County") on September 27, 1993, alleging violations of Sections 2 and 203 of the Voting Rights Act of 1965, as amended, 42 U.S.C. §§ 1973 and 1973aa-1a, arising from Cibola County's election practices and procedures as they affected Native American citizens of the County, including those Native American citizens who rely in whole or in part on the Keresan or Navajo language.

The County did not contest that, prior to 1994, it failed to make the election process in Cibola County equally available to Native American and non-Native American citizens as

required by Section 2 and the Fourteenth and Fifteenth Amendments, nor did the County contest

that in past elections it had failed to comply fully with the minority language requirements of

Section 203.  On April 21, 1994, this Court entered a Stipulation and Order ("Stipulation")

between the parties instituting the Native American Election Information Program ("NAEIP") in

Cibola County to remedy past non-compliance with the above-mentioned provisions of federal

law.  The Order, by its terms, was scheduled to expire on March 15, 2004.

From 1994 through 2003, the County made some progress under the Stipulation, but the

County had failed to comply fully with its requirements.  The County conceded that its failure to

provide all instructions, assistance and other voting related information orally in Navajo and

Keresan constituted good cause to extend the Stipulation through December 31, 2006, and the

United States agreed to renegotiate its provisions.  On March 15, 2004, the parties moved this

Court for an Order extending and modifying the Court's April 21, 1994 Order, as set forth in an

accompanying Joint Stipulation.  Although the Joint Stipulation streamlined the County's

obligations, it retained the core requirements of the NAEIP.  The Court approved the Joint

Stipulation as an Order on April 22, 2004.

The County has not met these streamlined requirements.  In particular, the County failed

to provide the Voting Rights Coordinators ("Coordinators") with required training regarding

their obligations and responsibilities under the Joint Stipulation and NAEIP before the November

2004 and June 2006 elections.  As a consequence, the County did not perform tasks agreed to

and ordered in the Joint Stipulation.  For example, the County did not ensure that the requisite

radio announcements in the relevant American Indian languages were made during the sixty-day

period before the 2004 and 2006 elections.  Nor did it ensure that the Coordinators conducted

translation training for bilingual poll workers for those elections.  At least one Coordinator did

not attend tribal meetings to provide election and registration information to community members, as required by the Joint Stipulation. In 2005, the County decided not to employ Coordinators, even though each of the individuals who had served most recently as a Coordinator was required to attend State and County election training in accordance with the NAEIP. Although the Coordinators objected to such treatment, the County rejected their request to be paid for their services in 2005.

The County also failed to process many valid, timely voter registration applications for the November 2004 election in violation of Section 8 of the National Voter Registration Act of 1993 ("NVRA"), 42 U.S.C. § 1973gg-6. In fact, the County failed to process as many as a hundred voter registration applications before early voting began for the November 2004 election. This failure, in turn, prevented several would-be voters from participating in early voting, and forced many more to cast provisional ballots on election day. Moreover, at least 16 of the provisional ballots which were rejected and not counted for the November 2004 election were cast by voters who had on file with the County valid, timely voter registration applications. These 16 voters, all of whom cast ballots at precincts located on American Indian reservations in the County, were disenfranchised by the County's errors. Cibola County continued to have numerous registration list errors for the June 6, 2006 federal primary election due, in part, to the County's practice of having voters' names removed from the registration list or placed on the inactive list solely on the basis that the voter had not voted in any election for two federal election cycles (or four years).

In addition, the County disenfranchised many other voters by failing to ensure that provisional ballots were available in all polling places by the time the polls were scheduled to open on November 2, 2004 and/or failed to provide some provisional voters with the voter

4

identification/affirmation envelope. These failures violate Section 302 of the Help America Vote

Act of 2002 ("HAVA"), 42 U.S.C. § 15482. Many polling places in Cibola County did not

receive provisional ballots until more than two hours after the polls opened. As a result, several

prospective voters were turned away without being offered a provisional ballot. Moreover, the

County did not provide at least two polling places with voter identification/affirmation

envelopes, by which voters affirm their eligibility to vote, as required by Section 302 of HAVA,

42 U.S.C. § 15482(a)(2). At least 36 provisional ballots from the November 2004 election, most

of which were cast at polling places on the Laguna Pueblo reservation, were rejected because the

County failed to provide the envelope used for the required affirmation. Cibola County did not

properly train election officials prior to the June 6, 2006 federal primary election to ensure that

voters, who were otherwise qualified to receive a provisional ballot, would receive a provisional

ballot for that election.

 Pursuant to Section 303(b) of HAVA, 42 U.S.C. § 15483(b), for elections for federal

office held in 2004 and after, election officials are required to obtain appropriate identification

information from voters who registered to vote by mail on or after January 1, 2003 and who had

not previously voted in an election for federal office. The County failed to ensure that such

voters provided appropriate identifying information prior to casting ballots in the November 2,

2004 federal election. For the June 6, 2006 federal primary election, Cibola County did not train

poll workers regarding the identification requirements for such voters or the forms of

identification sufficient to meet these requirements.

 With the written consent of the County, on January 31, 2007, the United States filed an

amended complaint against the County to enforce the provisions of the NVRA and HAVA

discussed above.

The County concedes that it has failed to comply substantially with the Joint Stipulation

in this case, and that its voter registration practices before and after the November 2004 general

election violate Section 8 of the NVRA. The County further admits that, for federal elections in

2004 and 2006, it failed to comply substantially with the provisional ballot requirements of

Section 302 of HAVA and failed to obtain the appropriate identification information from first-

time voters in the jurisdiction who registered by mail, as required by Section 303 of HAVA.

Based on these violations, the parties agree that there is good cause to extend the

provisions of the Joint Stipulation, as amended herein. The parties agree that these amendments

and the additional relief set forth below are necessary to ensure future compliance with this

Amended Joint Stipulation, Sections 2 and 203 of the Voting Rights Act, Section 8 of the

NVRA, and Sections 302 and 303 of HAVA.

Accordingly, the parties stipulate to the following:

1.       The County Commission shall at all times provide adequate funding to ensure that

the County's duties and obligations under this Amended Joint Stipulation are carried out to the

greatest possible extent.

2.       The County Defendants agree to carry out their responsibilities under this

Amended Joint Stipulation in accordance with appropriate state and federal laws.

3.       The County shall make all phases of the election process as accessible to the

Native American populations at the Acoma, Laguna and Ramah reservations within Cibola

County as they are to the remainder of the County's population. Accordingly, the County shall

provide information, publicity, and assistance in the Keresan and Navajo languages regarding all

aspects of the electoral process, including but not limited to voter registration, voter registration

cancellation, absentee voting, early voting, provisional voting, procedures at the polls including

6

translation of the ballot, and training of polling officials and translators as outlined in the NAEIP,

as amended and attached to this Amended Joint Stipulation. The revised NAEIP shall supersede

any and all previous NAEIPs for the County.

4.      To assist in the effectiveness of this Amended Joint Stipulation and to ensure the

continued enforcement of the voting guarantees of the Voting Rights Act and the Fourteenth and

Fifteenth Amendments to the Constitution, Cibola County should remain designated for federal

observers pursuant to Section 3(a) of the Voting Rights Act of 1965, as amended, 42 U.S.C. §

1973a(a). The County recognizes the authority of federal observers to observe all aspects of the

voting process conducted in the polls on election day, including assistance to voters in the voting

booth provided that the voter does not object to being observed.

5.      The County recognizes and agrees that greater supervision of the NAEIP is

necessary to ensure compliance with this Amended Joint Stipulation and, as set forth herein,

shall provide greater supervision and more frequent reports regarding the County's compliance

with this Amended Joint Stipulation and the NAEIP.

6.      The County shall ensure that the Coordinators are fairly compensated for the time

they expend fulfilling their responsibilities under the NAEIP.  Work performed by the

Coordinators outside of the contract period will be compensated on a per diem and pro rata basis.

7.      The County shall immediately notify counsel for the United States in the event a

vacancy should occur in a Coordinator position.

8.      For each month of his or her contract, each Coordinator shall complete the

Monthly Coordinator Report, which is attached to this Amended Joint Stipulation, detailing his

or her activities under the NAEIP and provide a copy to the County Clerk not later than the end

of the first week following such month.  The County shall submit a copy of the completed

Monthly Coordinator Reports to the State Director of Elections and counsel for the United States by the end of the second week following such month.

9.     After each election, the County shall prepare a report detailing, by paragraph, the specific efforts made by the County to comply with each provision of the NAEIP. The County may incorporate by reference any information already supplied in the Monthly Coordinator Reports. If an appropriate provision is not specifically mentioned in the report and the County fails to provide details within 30 days of written notice of such omission by the United States, noncompliance with that provision shall be presumed. The County shall submit the report to the State Director of Elections and counsel for the United States not later than 30 days after the election.

10.     The County shall ensure that all timely, valid voter registration applications are processed and entered into the computerized statewide voter registration list not later than five business days after their receipt by the County, unless registration is closed pursuant to N.M.S.A. § 1-4-8(A). Notwithstanding this requirement, the County shall ensure that all valid voter registration applications are processed and entered into the computerized statewide voter registration list no later than 20 days before any federal election. At least 15 days before any such election, the County shall certify in writing that it has processed all valid voter registration applications and that the names of such voters appear in the computerized statewide voter registration list. The County shall file this certification with this Court with service copies to counsel for the United States.

11.     The County shall ensure that the County's official voter registration lists to be used for early voting and those to be used in the polls on election day are prepared at a time and

in a manner calculated to reflect all voters who have submitted timely, valid voter registration applications.

12.    The County shall restore to the official voter registration list the name of any voter whose name was placed on the inactive list or otherwise removed from the official voter registration list in a manner inconsistent with the procedures set forth in Section 8 of the NVRA during the preceding two years.  The County shall complete this requirement no later than sixty days from the date of this filing.  The County shall provide to counsel for the United States a list of the names of all voters whose names were restored to the official voter registration list pursuant to this paragraph.

13.    The County shall not place the name of any voter on the inactive list or otherwise remove the voter's name from the official voter registration list solely by reason of the person's failure to vote.   The County shall only place the name of any voter on an inactive list based on objective information indicating that the voter has become ineligible to vote due to having moved, such as returned mail with no forwarding address or National Change of Address program data showing a move outside the County.  This shall not preclude the County from immediate removals from the voter registration list, in accordance with state law, of the name of any voter who is confirmed to have become ineligible to vote due to death or disqualifying felony, or who confirms in writing a move outside the County.

14.    For all Cibola County voters who registered to vote on or after January 1, 2003, and prior to October 6, 2004, the County shall identify all such individuals who registered to vote by mail and have not provided identification pursuant to Section 303(b) of HAVA, 42 U.S.C. § 15483(b)(2)(A).  For all such voters, the County shall ensure that the voter complies with the

9

HAVA identification requirements in the next federal election in which the voter attempts to vote, unless:

(a)   The voter voted in any Federal election in New Mexico prior to filing the registration application, as set forth in Section 303(b)(1)(B); or

(b)   The voter provided a copy of a valid photo identification or another form of acceptable identification with his or her voter registration application, as set forth in Section 303(b)(3)(A) of HAVA and N.M.S.A. § 1-4-5.1(I)(4)(a); or

(c)   The voter provided at least the last 4 digits of his or her social security number with his or her voter registration application and the County or State election official can match the information submitted with an existing State identification record bearing the same number, name and date of birth as provided in the individual's voter registration, as set forth in Section 303(b)(3)(B) of HAVA; or

(d)   The voter is entitled to vote by absentee ballot under the Uniformed and Overseas Citizens Absentee Voting Act, 42 U.S.C. §§ 1973ff-1, et seq., or is entitled to vote otherwise than in person under any other federal law, as set forth in Section 303(b)(3)(C) of HAVA.

The County shall complete the requirements of this paragraph no later than 60 days from the date of this filing.  For all mail-in registrations received by the County on or after the date of this Amended Joint Stipulation, the County shall ensure that voters requiring identifying information under HAVA are so identified at the time their voter registration information is entered in the computerized statewide voter registration list and that such list reflects such identification.  The County shall provide to counsel for the United States a list of the names of all voters who were identified under this paragraph.

15.     The County shall ensure that all poll workers are trained prior to any election for federal office regarding the designation on the registration lists of voters who are required to produce identification in order to cast a ballot, the need to request identification from such voters, and the forms of identification that may be accepted for this purpose.

16.     The County shall ensure that sufficient numbers of provisional ballots are provided not later than 6:00 a.m. on election day to all polling places to be used for any federal election. The County also shall ensure that sufficient numbers of provisional ballots are available at any location to be used for early voting in any federal election at least one hour before early voting is scheduled to begin. In addition, the County shall ensure that each provisional ballot includes the necessary voter identification/affirmation envelope.

17.     The County shall ensure that all poll workers for federal elections are trained regarding the need to contact the County Clerk's office to verify the registration status of any individual who seeks to vote, but whose name is not on the voter registration list; the circumstances under which a voter is to be offered a provisional ballot; and the requirement that a provisional voter complete fully the identification/affirmation envelope for such a ballot.

18.     The Parties agree that, in the event of substantial non-compliance with this Amended Joint Stipulation, the parties shall confer for the purpose of seeking the appointment of a third party to oversee the NAEIP and to ensure the County's compliance with federal voting laws.

19.     This Amended Joint Stipulation shall remain in effect through January 15, 2009.

20.     The Court shall retain jurisdiction to enter further relief or such other orders as may be necessary for the effectuation of the terms of this Amended Joint Stipulation and to

11

ensure compliance with Sections 2 and 203 of the Voting Rights Act, the NRVA, HAVA, and

the Fourteenth and Fifteenth Amendments to the Constitution.

Agreed and stipulated to on this 31st day of January, 2007.

For Plaintiff:                              For Defendants:

UNITED STATES OF AMERICA        CIBOLA COUNTY, NEW MEXICO, *et al.*

ALBERTO R. GONZALES            /s/_____
Attorney General               JOE C. DIAZ
                               JOAN D. MARSAN
                               Modrall, Sperling, Roehl,
WAN J. KIM                      Harris & Sisk, P.A.
Assistant Attorney General      500 Fourth Street, N.W.
Civil Rights Division           Bank of America Centre, Suite 1000
                               P.O. Box 2168
DAVID C. IGLESIAS              Albuquerque, New Mexico  87103-2168
United States Attorney


/s/_____
JOHN K. TANNER
GAYE L. TENOSO
RICHARD A. DELLHEIM
M. ERIC EVERSOLE
Attorneys, Voting Section
Civil Rights Division
U.S. Department of Justice
Room 7254-NWB
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 305-1734 (telephone)
(202) 307-3961
richard.dellheim@usdoj.gov

I hereby certify that on January 31, 2007,
I filed the foregoing pleading electronically
through the CM/ECF System, which caused
the following parties of counsel to be served
by electronic means, as more fully reflected on
the Notice of Electronic Filing.

**Elizabeth L. German**
beth@brownandgerman.com

**Raymond Hamilton**
raymond.hamilton@usdoj.gov

**Anna E Tuttle**
aet@modrall.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case
who therefore require manual noticing).

**John K. Tanner**
**Gaye L. Tenoso**
**Richard Dellheim**
**M. Eric Eversole**
**Sada Manickam**
US Department of Justice
Civil Rights Div - Voting Section
950 Pennsylvania Ave
Rm 7254-NWB
Washington, DC 20530

MODRALL, SPERLING, ROEHL, HARRIS
         & SISK, P.A.

By:/s/_____
         Joe C. Diaz
         Joan D. Marsan
         Attorneys for Cibola County

THE NATIVE AMERICAN ELECTION INFORMATION PROGRAM

I.    Native American Voting Rights Coordinators

A.    Cibola County shall continue to employ three Native American Voting Rights Coordinators ("Coordinator(s)") to coordinate the Native American Election Information Program ("NAEIP") in the County.  One of the Coordinators shall be bilingual in Navajo and English, and shall serve primarily the area of the Ramah Chapter of the Navajo Nation.  Two of the Coordinators shall be bilingual in Keresan and English, and one shall serve primarily the area of the Acoma Pueblo, while the other shall serve primarily the area of the Laguna Pueblo.

B.    Cibola County shall ensure that each Coordinator is paid a salary commensurate with his or her services rendered under this NAEIP and shall provide compensation to cover all reasonable travel, lodging and food expenses incurred for his or her attendance at State, local or other election training or other events permitted or required by this NAEIP.

C.    In the event of a vacancy in the Coordinator position, the County Clerk shall immediately notify the United States and tribal officials from the appropriate Pueblo or Chapter.  Although the County is free to solicit applicants through its normal job selection process, it must seek recommendations on four qualified applicants from the appropriate tribal leaders.  The County shall select the most qualified candidate, who otherwise satisfies any County employment requirements, from all available applicants.  The County must complete this process within 90 days of the vacancy.  A vacancy does not relieve the County of its obligations under the NAEIP.

D.    The Coordinators shall be trained by the State and County in all aspects of the election process, and shall attend all election seminars by the Secretary of State and/or the Cibola County clerk.  In addition, at least 90 days before any federal primary or general election,

14

the County Clerk shall fully brief the coordinators regarding their duties under the NAEIP and

Section 203 of the Voting Rights Act. The County Clerk must ensure that each Coordinator has

a copy of the current NAEIP and the Amended Joint Stipulation and other materials that would

ensure their compliance with the NAEIP. The County Clerk shall notify tribal leaders from

Acoma, Laguna, and Ramah and attorneys from the Department of Justice of County-sponsored

training sessions at least seven days before the training and shall invite the participation of these

tribal leaders and Department of Justice attorneys.

     E.     The Coordinators shall, under the supervision of the County Clerk, oversee the

NAEIP generally and regularly attend meetings of their respective communities. In years with

federal elections, the Coordinators shall attend at least two events or meetings in their respective

communities where 30 or more voting-age members of the reservation are likely to be in

attendance. These events or meetings may include, but are not limited to, tribal council or tribal

officers meetings, public gatherings, tribal fairs, events at the local high schools or centers that

serve elderly citizens, and other public functions. During any event or meeting attended by the

Coordinator, he shall, as appropriate: (1) announce the date of the next scheduled election, the

offices, if any, open for election, and any non-candidate provisions which shall appear on the

ballot; (2) announce the availability of and deadlines for voter registration; (3) provide an

opportunity to register to vote by making voter registration applications available and offering

language assistance in filling out the applications; and (4) announce any scheduled training for

election translators and invite the public to attend.

     F.     The Coordinator for the Ramah Navajo Chapter shall post the election schedule

and all other election-related information at the Chapter House; the Coordinators for the Acoma

Pueblo and the Laguna Pueblo shall post the election schedule and other election-related

information at the relevant tribal office building. The Coordinators shall ensure that voter registration applications are available in plain view at each location.

G.     Beginning sixty days before any election and continuing through election day, the Coordinators shall ensure that at least three announcements a day in are made on weekdays on the radio station KTDB, in the Navajo language, and radio station KUNM, for the Keresan language, or other comparable stations. These radio announcements shall be prepared by the Coordinators and shall provide voters with information regarding (1) the date and time of the next election; (2) the offices on the ballot; (3) opportunities to register to vote and the deadline for registering before the election; (4) the availability of absentee balloting; (5) the availability of trained translators at the polls on election day; and (6) the right of each voter to oral assistance in their native language from either the County's translators or a person of the voter's choice provided that person is not the voter's employer, an agent of that employer, or officer or agent of the voter's union (42 U.S.C. § 1973aa-6); and (7) the name(s) and telephone number(s) of the Coordinator(s) who can be contacted to receive more detailed information about the election. In addition, the Coordinators shall ensure that at least once a day during this period taped translations of the ballot made by either the New Mexico Office of the Secretary of State or the Coordinator are broadcast on radio station KTDB, for the Navajo language, and radio station KUNM, for the Keresan language, or other comparable stations.

H.     The Coordinators, under the supervision of the County Clerk shall conduct the language assistance training in the Coordinator's respective American Indian language for all bilingual poll officials and other election-related personnel. This training shall be in addition to any election training provided by the County. The training shall be held at least nine days before any election and shall be held at an appropriate location within each Coordinator's community.

16

At a minimum, the training must cover: (1) translating the entire ballot into the appropriate language, (2) practicing the translation of the ballot with each translator, and (3) correcting any errors in translation. In addition, the training must cover the procedures for identifying and assisting voters who may need language assistance, instructions for casting a ballot on a voting machine, and assisting voters who need to cast a provisional ballot. The translation of the ballot by each translator shall be made according to the taped translations made by the Office of the New Mexico Secretary of State, if such tapes are available. If standardized translations by the Office of the Secretary of the State are not available or will not be available, the Coordinator shall record a taped translation of the entire ballot, make the tape available to the translators, and train them in this translation at the training session. If the ballot contains offices or ballot proposition(s) specific to Cibola County for which the Office of the Secretary of State has not provided a Navajo or Keresan language translation, the Coordinator shall record a taped translation of the offices and/or proposition(s), make the tape available to the translators and train them in this translation at the training session. The County shall notify tribal leaders from Acoma, Laguna, and Ramah and attorneys from the Department of Justice of County-sponsored training sessions at least seven days before the training and shall invite the participation of these tribal leaders and Department of Justice attorneys.

      I.     The Coordinator shall be available as needed at the Ramah Chapter House, in the case of the Navajo Coordinator, and the appropriate tribal offices in the case of the Keresan Coordinators, to assist in voter registration or to answer election-related questions when not engaged in the other activities required under this NAEIP.

      J.     Cibola County shall establish a separate travel budget for the Coordinators which shall be sufficient to cover their travel expenses incurred in carrying out their duties, obligations

and responsibilities to effectively implement the NAEIP. Coordinators shall be reimbursed for expenses incurred for travel incident to bona fide NAEIP business, including but not limited to visits to Pueblos or Navajo Chapters and to sites for training programs.

K.    In each year with federal elections, the Coordinators shall prepare a Monthly Coordinator Report, as set forth in Schedule 1, *infra*. The Report requires a detailed, paragraph-by-paragraph recitation of the specific efforts made by the Coordinators to comply with each provision of the NAEIP. For example, the report must detail the various community centers or events attended by the Coordinator, the dates and times of those visits, detailed information regarding any training session attended or given by the Coordinator, dates and times for any election-related radio announcements made by a Coordinator, and/or any other information that demonstrates the County's compliance with the NAEIP. To the extent that any written materials are distributed at any training session, those written materials should be included as part of the report required herein. These reports must be provided to the United States within fourteen days after the end of the month in which the reports were compiled.

II.    Intergovernmental Coordination

In administering the NAEIP, Cibola County and its Coordinators shall:

A.    Request and accept all training, materials, and services available from the State of New Mexico in furtherance of the implementation of this NAEIP. The Coordinators shall attend all election-related seminars or training sessions conducted by the New Mexico Office of the Secretary of State, including the Coordinator and/or County Clerk meetings sponsored by the New Mexico Native American Election Information Program. As set forth in I.B., supra, the

County must compensate the Coordinators for their services and cover any reasonable expenses that result from such training.

   B.   Encourage contact and collaboration with other counties engaged in similar language assistance programs.

   C.   Invite assistance of tribal officials and by the Navajo Election Administration and the All Indian Pueblo Council as needed to administer effectively the NAEIP.

   D.   The parties recognize the separate powers and authority of the tribal governments, and nothing in this NAEIP limits or infringes tribal powers or authority. Accordingly, where this NAEIP requires Cibola County to perform acts in consultation and cooperation with tribal governments, the County is obligated to undertake its obligations using all good faith efforts. The County shall not be required to perform such acts if a tribal government refuses the County's efforts. In the event of any such refusal, the County shall promptly, and prior to the date for performance of the act or event to be performed by the County, notify counsel for the United States of the refusal or noncooperation.

III.   Satellite Election Offices

   A.   Within ten days of the effective date of this NAEIP, the County shall contact tribal officials at the Acoma and Laguna Pueblos and the Ramah Chapter to discuss the possibility of establishing Satellite Election Offices convenient to the populations of the respective communities.

   B.   Each Satellite Election Office shall serve as the principal place for office hours for the Coordinators, as a distribution point for the dissemination of election-related information, and as a site for the performance of functions related to the election process that can be

19

performed at the County courthouse, including, but not limited to, registering to vote or updating voter registration information, early voting, and the casting of absentee ballots.

C.     The Coordinators also may conduct the election and registration related functions in Paragraph III.B., supra, by using their personal vehicles to visit members of their respective communities, especially those members who may not have transportation or may not be capable of traveling to the Satellite Election Office.

D.     Delivery of a voter registration application or performance of any other election-related task at a Satellite Election Office or delivery of any election-related application to a Coordinator shall be effective in terms of all time deadlines and requirements as if the application had been delivered to, or the task performed at, the County courthouse.

E.     A supply of all forms and materials necessary to complete these functions shall be maintained at each Satellite Election Office.

IV.     Translations

A.     The County shall ensure that taped versions of the Navajo and Keresan language translations of the statewide offices and ballot propositions to appear on the ballot provided by the Office of the New Mexico Secretary of State are delivered to the Coordinator as soon as they are available. Taped versions of the translations and playback equipment shall be made available to the translators during their translation training and on election day at the Acoma, Laguna and Ramah polling places.

B.     The County shall provide each Coordinator with tape recording and playback equipment and a sufficient supply of blank tapes for use in translator training.

C.    During elections, translations of the ballot into Navajo and Keresan shall be provided according to the written and/or taped translations made by the Office of the New Mexico Secretary of State, to the extent such translations are available.

V.    Election Day Procedures

A.    The County shall assign at least one trained translator to the polling places at the Acoma and Laguna Pueblos and the Ramah Chapter for every voting machine.

B.    Polling place translators shall orally advise voters of the availability of language assistance.

C.    Any voter who needs language assistance in Navajo or Keresan from polling place translators shall be provided a full and complete translation of each office, the party (when appropriate) of each candidate, all ballot propositions, and relevant instructions on how to cast a ballot and the use of the voting machine (including, when appropriate, instructions on write-in votes), and shall be read all candidates' names for each office.  In addition, any voter who needs language assistance in Navajo or Keresan will be provided instructions in their respective language regarding other voting procedures as necessary, including, for example, instructions for casting a provisional ballot.

VI.    Voter List Maintenance

At least 30 days before any registrants from the Ramah Chapter or the Acoma or Laguna Pueblos, are sent notice of the potential cancellation of their registration in accordance with Section 8(d)(2) of the National Voter Registration Act of 1993, 42 U.S.C. 1973gg-6(d)(2), a list of the names of these registrants shall be provided to the

appropriate Coordinator.  If the Coordinator or tribal officials identify any registrant on the list within the thirty day period who remains eligible to vote in Cibola County and that registrant completes a new registration application or change of address application, the registrant shall not be sent a notice of potential cancellation and shall be maintained on the list of eligible voters.  The NAEIP does not otherwise prohibit the proper authorities from removing from the voter list those ineligible to vote by reason of a change of address, conviction of a felony, or death, provided that the requirements of the National Voter Registration Act of 1993, 42 U.S.C. §§ 1973gg, et seq., are met.

VII.   Adjustments to the NAEIP

Before making any adjustments to the NAEIP, the County shall endeavor to safeguard future compliance with Sections 2 and 203 of the Voting Rights Act, 42 U.S.C. §§ 1973 and 1973aa-1a, and the Fourteenth and Fifteenth Amendments to the Constitution, shall consult in good faith with tribal officials from the Acoma and Laguna Pueblos and the Ramah Chapter, and shall provide notice to counsel for the United States of any proposed changes.

**Schedule 1**

**Monthly Coordinator Report**

Coordinator: _____

Community: _____

Date: _____

Presentations of election and registration information (*see* Para. I.E.):

| Date | Location | Number of Persons who Attended | Topic(s) Covered |
|------|----------|-------------------------------|------------------|
|      |          |                               |                  |
|      |          |                               |                  |
|      |          |                               |                  |
|      |          |                               |                  |
|      |          |                               |                  |

Radio announcements (*see* Para. I.G.):

| Date | Times Aired | Topic(s) Covered |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

| Date | Times Aired | Topic(s) Covered |
|------|-------------|------------------|
|      |             |                  |
|      |             |                  |
|      |             |                  |
|      |             |                  |
|      |             |                  |
|      |             |                  |
|      |             |                  |
|      |             |                  |
|      |             |                  |
|      |             |                  |
|      |             |                  |
|      |             |                  |
|      |             |                  |
|      |             |                  |
|      |             |                  |
|      |             |                  |

Posting or distribution of election materials (*see* Para. I.F.):

| Date | Location | Describe Materials Posted |
|------|----------|---------------------------|
|      |          |                           |
|      |          |                           |
|      |          |                           |

State and County Training attended by Coordinator (*see* Para. I.D.):

| Date | Location | Topics Covered in Meeting |
|------|----------|---------------------------|
|      |          |                           |
|      |          |                           |
|      |          |                           |
|      |          |                           |

4

Training of poll workers organized and conducted by Coordinator (*see* Para. I.H.):

| Date | Location | PW* | O** | Description of training (attach copies of all written material used during training) |
|------|----------|-----|-----|-------------------------------------------------------------------------------------|
|      |          |     |     |                                                                                     |
|      |          |     |     |                                                                                     |

\* Number of poll workers who attended training (attach sign-in sheet).

\*\* Number of other persons, such as members of the public, who attended training (attach sign-in sheet).

Number of voters registered by the Coordinator this month: _____.

Other activities of the Coordinator, including voter registration drives:

| Date | Location | Description of activity |
|------|----------|------------------------|
|      |          |                        |
|      |          |                        |
|      |          |                        |
|      |          |                        |
|      |          |                        |