UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
COMMON CAUSE/NEW YORK, as an
organization and on behalf of its members,

                                  -Plaintiffs,

-against-

ROBERT A. BREHM, Co-Executive
Director, TODD D. VALENTINE,
Co-Executive Director, PETER S. KOSINSKI,
Co-Chair, DOUGLAS A. KELLNER, Co-Chair,
ANDREW J. SPANO, Commissioner, and
GREGORY P. PETERSON,
Commissioner, in their official capacities as
Commissioner of the NEW YORK STATE
BOARD OF ELECTIONS,

                                  -Defendants.
-------------------------------------------------------------------

**ANSWER**
Case No. 1:17-cv-06770-AJN
Hon. Alison J. Nathan

Defendants New York State Board of Elections, Todd D. Valentine and Robert Brehm, in their official capacities as Co-Executive Directors of the BOE (collectively, the "BOE Defendants"), Peter S. Kosinski and Douglas A. Kellner, in their official capacities as Co-Chairs of the New York State Board of Elections; Andrew J. Spano and Gregory P. Peterson, in their official capacities as Commissioner of the New York State Board of Elections, answer the Complaint as follows pursuant to Fed. R. Civ. P. 8:

## **INTRODUCTION**

1.      States that Paragraph 1 characterizes the nature of this action and no response is required. To the extent a response is required, it is denied.  States that the second sentence of

Paragraph 1 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

2. The first sentence of Paragraph 2 characterizes the passage of the National Voter Registration Act of 1993(NVRA) and no response is required. To the extent a response is required, it is denied. The remainder of Paragraph 2 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

3. States that Paragraph 3 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

4. States that the first sentence of Paragraph 4 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied. Defendants deny each and every allegation contained in the second sentence of Paragraph 4 of the Complaint.

5. Deny each and every allegation contained in paragraph 5 of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 6 of the Complaint.

7. Deny each and every allegation contained in paragraph 7 of the Complaint.

` 8. Deny each and every allegation contained in the first sentence of paragraph 8 of the Complaint. The remainder of the paragraph cites statistics that are irrelevant to Plaintiff's claims and do not require a response. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the paragraph.

9. Deny each and every allegation contained in the first sentence of paragraph 9 of the Complaint. The remainder of the paragraph cites statistics that are irrelevant to Plaintiff's

claims and do not require a response. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the paragraph.

10. Deny each and every allegation contained in the first sentence of paragraph 10 of the Complaint. In regard to the second sentence of the Complaint, Defendants admit to receiving a letter from Plaintiff, but denies that the New York State Election Law violates the NVRA. The third sentence does not require a response as it characterizes a letter from Defendant Co-Executive Director Brehm that can speak for itself. To the extent a response is required, Defendants deny the third sentence in paragraph 10. Defendants deny each and every allegation contained in the fourth sentence of paragraph 10 of the Complaint.

11. Admit that Plaintiff has brought an action against the Defendant and denies the remainder of the allegations in paragraph 11 of the Complaint.

## **PARTIES**

12. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 12 of the Complaint.

13. Deny the allegations contained in paragraph 13 of the Complaint, except admit that Robert A. Brehm is designated as the chief elections official in New York responsible for coordinating New York's compliance with the NVRA.

14. Deny each and every allegation contained in paragraph 14 of the Complaint.

15. Deny the allegation contained in paragraph 15 of the Complaint to the extent it describes Defendant Peter S. Kosinski as "Co-Director" of the New York State Board of Elections.

16. Deny the allegation contained in paragraph 16 of the Complaint to the extent it describes Defendant Douglas A. Kellner as "Co-Director" of the New York State Board of Elections.

17. Admit to each and every allegation contained in paragraph 17 of the Complaint.

18. Admit to each and every allegation contained in paragraph 18 of the Complaint.

19. States that Paragraph 19 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

## JURISDICTION AND VENUE

20. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 20 of the Complaint.

21. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 21 of the Complaint.

22. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 22 of the Complaint.

23. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 23 of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 24 of the Complaint.

## FACTUAL ALLEGATIONS

### National Voter Registration Act of 1993

25. States that Paragraph 25 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

26. States that Paragraph 26 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

27. States that Paragraph 27 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

28. States that Paragraph 28 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

29. Deny each and every allegation contained in paragraph 29 of the Complaint, except admit that only voters in "active" status are printed in poll books on Election Day.

30. States that Paragraph 30 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

31. States that Paragraph 31 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.   .

32. In regard to the first sentence of paragraph 32, Defendants admit that voters who are moved to "inactive" status are still eligible to vote; however, Defendants deny the allegations in the first sentence of paragraph 32 to the extent Plaintiff suggests moving a voter to "inactive" status is improper. Defendants deny each and every allegation contained in the second sentence of paragraph 32 of the Complaint.

33. States that Paragraph 33 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

34. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 34 of the Complaint.

35. Deny each and every allegation contained in paragraph 35 of the Complaint.

36. Deny each and every allegation contained in the first sentence of paragraph 36 of the Complaint. States that the second sentence of Paragraph 36 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

37. States that Paragraph 37 references data from the New York State Board of Elections website that speaks for itself and no response is required. To the extent a response is required, it is denied.

38. States that Paragraph 38 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

39. Admit to each and every allegation contained in paragraph 39 of the Complaint.

40. Deny each and every allegation contained in paragraph 40 of the Complaint, except admits that Defendant Robert A. Brehm is designated as the chief state election official responsible for coordinating the responsibilities of the state under the NVRA.

41. In regard to the first two sentences of paragraph 41, admit that the Defendants received a letter dated November 2, 2016 from Plaintiff; however, Defendants deny that "the procedures for processing 'inactive' voters at polling places" violate the NVRA. Defendants deny each and every allegation in the second sentence of Paragraph 41.

## Harm to Common Cause/New York

42. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 42 of the Complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 43 of the Complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 44 of the Complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 45 of the Complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 46 of the Complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 47 of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 48 of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 49 of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 50 of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 51 of the Complaint.

## CLAIMS FOR REFLIEF

Violations of Section 8 of the National Voter Registration Act

52. With respect to the allegations in paragraph 52 of the Complaint, repeat and reincorporate as if fully set forth herein each and every response to the allegations in paragraphs 1 through 51 above.

53. Deny each and every allegation contained in paragraph 53 of the Complaint.

54. Deny each and every allegation contained in paragraph 54 of the Complaint.

## DEFENSES

Without assuming and burden of proof or burden of going forward not required by law, defendants assert the following defenses to the Complaint:

### First Defense

1. The Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

2. Plaintiff's claims are moot.

### Third Defense

3. The Plaintiff lacks standing.

### Fourth Defense

4. Defendants intend to rely upon any other and/or additional applicable defense that is now or may become available during the proceedings in this action, and reserve the right to amend this answer to assert such defense or defenses.

WHEREFORE, Defendants respectfully demand judgment dismissing the Complaint and granting such other and further relief as the Court deems just and proper.

Albany, New York
October 24, 2018

                                                  Respectfully submitted,

                                                  */s/ Nicholas R. Cartagena*_____
                                                  Nicholas R. Cartagena, Esq.
                                                  Brian L. Quail, Esq.
                                                  William J. McCann, Jr., Esq.
                                                  New York State Board of Election
                                                  40 North Pearl Street, Suite 5
                                                  Albany, New York 12207
                                                  (518) 474-2064