UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
COMMON CAUSE/NEW YORK, as an organization and on behalf of its members,

                        -Plaintiffs,

-against-

ROBERT A. BREHM, Co-Executive Director, TODD D. VALENTINE, Co-Executive Director, PETER S. KOSINSKI, Co-Chair, DOUGLAS A. KELLNER, Co-Chair, ANDREW J. SPANO, Commissioner, and GREGORY P. PETERSON, Commissioner, in their official capacities as Commissioner of the NEW YORK STATE BOARD OF ELECTIONS,

                        -Defendants.
-----------------------------------------------------------------

**ANSWER TO AMENDED COMPLAINT**
Case No. 1:17-cv-06770-AJN
Hon. Alison J. Nathan

      Defendants New York State Board of Elections, Todd D. Valentine and Robert Brehm, in their official capacities as Co-Executive Directors of the BOE (collectively, the "BOE Defendants"), Peter S. Kosinski and Douglas A. Kellner, in their official capacities as Co-Chairs of the New York State Board of Elections; Andrew J. Spano and Gregory P. Peterson, in their official capacities as Commissioner of the New York State Board of Elections, answer the Complaint as follows pursuant to Fed. R. Civ. P. 8:

## **INTRODUCTION**

      1.     States that Paragraph 1 characterizes the nature of this action and no response is required. To the extent a response is required, it is denied. States that the second sentence of

1

Paragraph 1 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

2. States that Paragraph 2 characterizes the New York Election Law related to requirements in the voter removal process and no response is required. To the extent a response is required, it is denied.

3. The first sentence of Paragraph 3 characterizes justification for the State's removal process and no response is required. To the extent a response is required, it is denied. Defendants deny each and every allegation in the remainder of the paragraph.

4. Deny each and every allegation contained in paragraph 4 of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in the first three sentences in paragraph 5 of the Complaint. Defendants deny each and every allegation contained in the fourth sentence of paragraph 5 of the Complaint.

6. Deny each and every allegation contained in paragraph 6 of the Complaint..

7. Deny each and every allegation contained in the first sentence of paragraph 7 of the Complaint. The second sentence of Paragraph 2 characterizes section 8 of the National Voter Registration Act of 1993(NVRA) and no response is required. To the extent a response is required, it is denied.

` 8. Deny each and every allegation contained in paragraph 8 of the Complaint.

9. Deny each and every allegation contained in paragraph 9 of the Complaint.

10. Defendants state that paragraph 10 cites statistics that are irrelevant to Plaintiff's claims and do not require a response. To the extent a response is required, Defendant denies

knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 10 of the Complaint.

11.     Defendants state that paragraph 11 cites statistics that are irrelevant to Plaintiff's claims and do not require a response.  To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 11 of the Complaint.

12.     Defendants admit to the first sentence of paragraph 12 of the complaint. Defendants deny each and every allegation of the remainder of paragraph 12 of the Complaint.

13.     Deny each and every allegation contained in the first sentence of paragraph 13 of the Complaint.  In regard to the second sentence of the Complaint, Defendants admit to receiving a letter from Plaintiff, but denies that the New York State Election Law violates the NVRA.  The third sentence does not require a response as it characterizes a letter from Defendant Co-Executive Director Brehm that can speak for itself.  To the extent a response is required, Defendants deny the third sentence in paragraph 13 of the Complaint.  Defendants deny each and every allegation contained in the fourth sentence of paragraph 13 of the Complaint.

14.     Defendants state that paragraph 14 characterizes Plaintiff's lawsuit and no response is required.  To the extent a response is required, Defendants deny each and every allegation contained in paragraph 14 of the Complaint.

## PARTIES

15.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 15 of the Complaint.

16.     Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 18 of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph 19 of the Complaint.

20. Deny the allegations contained in paragraph 20 of the Complaint, except admit that Robert A. Brehm is designated as the chief elections official in New York responsible for coordinating New York's compliance with the NVRA.

21. Deny each and every allegation contained in paragraph 21 of the Complaint.

22. Admit to each and every allegation contained in paragraph 22 of the Complaint.

23. Admit to each and every allegation contained in paragraph 23 of the Complaint.

24. Admit to each and every allegation contained in paragraph 24 of the Complaint.

25. Admit to each and every allegation contained in paragraph 25 of the Complaint.

26. States that Paragraph 26 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

## JURISDICTION AND VENUE

27. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 30 of the Complaint.

31. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 31 of the Complaint.   .

## FACTUAL ALLEGATIONS

### New York Election Law

32. States that Paragraph 32 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

33. States that Paragraph 33 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

34. Deny each and every allegation contained in paragraph 34 of the Complaint.

35. Deny each and every allegation contained in paragraph 35 of the Complaint.

36. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 36 of the Complaint.

37. Deny each and every allegation contained in paragraph 37 of the Complaint.

38. Deny each and every allegation contained in paragraph 38 of the Complaint.

39. Deny each and every allegation contained in paragraph 39 of the Complaint.

40. Deny each and every allegation contained in paragraph 40 of the Complaint.

41. Deny each and every allegation contained in the first sentence of paragraph 41 of the Complaint. The second sentence references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

### National Voter Registration Act of 1993

42. The first sentence of Paragraph 42 characterizes the passage of the National Voter Registration Act of 1993(NVRA) and no response is required.   To the extent a response is required, it is denied.  The remainder of Paragraph 42 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

43. States that Paragraph 43 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

44. States that Paragraph 44 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

45. States that Paragraph 45 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

46. States that Paragraph 46 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

47. Admit to each and every allegation contained in paragraph 47 of the Complaint.

48. Deny each and every allegation contained in paragraph 48 of the Complaint, except admits that Defendant Robert A. Brehm is designated as the chief state election official responsible for coordinating the responsibilities of the state under the NVRA.

**Harm to Common Cause/New York**

49. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 49 of the Complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 50 of the Complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 51 of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 52 of the Complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 53 of the Complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 54 of the Complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 55 of the Complaint.

56. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 56 of the Complaint.

57. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 57 of the Complaint.

58. Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation in paragraph 51 of the Complaint.

## **CLAIMS FOR REFLIEF**

### **Count One: Violation of Section 8 of the National Voter Registration Act of 1993**

### **52 U.S.C. § 20507(d)**

59. With respect to the allegations in paragraph 59 of the Complaint, repeat and reincorporate as if fully set forth herein each and every response to the allegations in paragraphs 1 through 58 above.

60. Deny each and every allegation contained in paragraph 60 of the Complaint.

61. Deny each and every allegation contained in paragraph 61 of the Complaint.

### **Count Two: Threatened Infringement of the Right to Vote in Violation of Fourteenth Amendment**

**42 U.S.C. § 1983**

62. With respect to the allegations in paragraph 62 of the Complaint, repeat and reincorporate as if fully set forth herein each and every response to the allegations in paragraphs 1 through 61 above.

63. States that Paragraph 63 references statutory text that speaks for itself and no response is required. To the extent a response is required, it is denied.

64. Deny each and every allegation contained in paragraph 64 of the Complaint.

65. States that Paragraph 65 references specific case law that speaks for itself and no response is required. To the extent a response is required, it is denied.

66. Deny each and every allegation contained in paragraph 66 of the Complaint.

## DEFENSES

Without assuming and burden of proof or burden of going forward not required by law, defendants assert the following defenses to the Complaint:

### First Defense

1. The Plaintiff fails to state a claim upon which relief can be granted.

### Second Defense

2. Plaintiff's claims are moot.

### Third Defense

3. The Plaintiff lacks standing.

### Fourth Defense

4.      Defendants intend to rely upon any other and/or additional applicable defense that is now or may become available during the proceedings in this action, and reserve the right to amend this answer to assert such defense or defenses.

WHEREFORE, Defendants respectfully demand judgment dismissing the Complaint and granting such other and further relief as the Court deems just and proper.

Albany, New York
January 25, 2019

                                                 Respectfully submitted,

                                                 */s/ Nicholas R. Cartagena*
                                                 Nicholas R. Cartagena, Esq.
                                                 Brian L. Quail, Esq.
                                                 William J. McCann, Jr., Esq.
                                                 New York State Board of Election
                                                 40 North Pearl Street, Suite 5
                                                 Albany, New York 12207
                                                 (518) 474-2064