

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax
www.dechert.com

**NEIL A. STEINER**

neil.steiner@dechert.com
+1 212 698 3822 Direct
+1 212 698 0480 Fax

January 31, 2020

**BY ECF**

Honorable Alison J. Nathan
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

Re: *Common Cause/New York v. Brehm et al.*, 1:17-cv-06770-AJN

Dear Judge Nathan:

Pursuant to Your Honor's Order dated January 10, 2020, Dkt. No. 185 at 60, 42 U.S.C. § 1988 ("Section 1988"), 52 U.S.C. § 10310(e), and 52 U.S.C. § 20510(c), Plaintiff Common Cause/New York ("Common Cause") submits this letter brief seeking an award of its attorneys' fees in the amount of $1,452,966.75 and out-of-pocket costs in the amount of $187,731.87. As a prevailing party, Common Cause is entitled to attorneys' fees for counsel's time reasonably spent on this case and costs reasonably incurred. As explained below, Common Cause seeks to recover for the time reasonably expended at reasonable hourly rates for this district based on the skill and experience of its counsel, the novelty and complexity of this case, and the outstanding results obtained.

### I. As a Prevailing Party, Common Cause is Entitled to an Award of Attorneys' Fees.

Section 52 U.S.C. § 10310(e) provides that "[i]n any action or proceeding to enforce the voting guarantees of the fourteenth or fifteenth amendment, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, reasonable expert fees, and other reasonable litigation expenses as part of the costs." 52 U.S.C. § 10310(e).[1] To qualify as a prevailing party, a civil rights plaintiff must obtain "at least some relief" on the merits; an injunction or declaratory judgment suffices to show that a party has prevailed. *See Farrar v. Hobby*, 506 U.S. 103, 111 (1992); *see*

---

[1] Likewise, Section 20510(c), the National Voter Registration Act's ("NVRA's") enforcement provision states: "In a civil action under this section, the court may allow the prevailing party reasonable attorney fees, including litigation expenses, and costs." 52 U.S.C. § 20510(c). Because these provisions and Section 1988 employ almost identical language and are very similar in purposes, they should be construed in similar fashion. *Cf. Kirksey v. Danks*, 608 F. Supp. 1448, 1452 (S.D. Miss. 1985); *Hensley v. Eckerhart*, 461 U.S. 424, 433 n.7 (1983) ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"). Therefore, in this letter, Common Cause relies on precedent based on Section 1988 as well as the NVRA.



Hon. Alison J. Nathan
January 31, 2020
Page 2

*Lefemine v. Wideman*, 568 U.S. 1, 4-5 (2012). Moreover, even "[a] party who achieves only partial success in his or her suit may be considered to be a 'prevailing party' where he or she 'succeed[s] on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit.'" *Ruggiero v. Krzeminski*, 928 F.2d 558, 564 (2d Cir. 1991) (*quoting Hensley,* 461 U.S. at 433); *accord LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 757 (2d Cir. 1998).

Here, there is no doubt that Common Cause is a prevailing party. Following a four-day bench trial, this Court concluded that Defendants had violated both the Equal Protection Clause of the Constitution and the NVRA. Specifically, Your Honor found:

> New York's refusal to provide inactive lists at polling locations violates the Equal Protection Clause. The State is therefore ordered to provide the names of inactive voters registered to vote in a particular election district to the poll workers of that election district . . . . And the Court identifies three discrete voters as to whom the State violated the National Voter Registration Act.

Dkt. No. 185 at 60.

## II. The Attorneys' Fees Sought are Billed at Reasonable Hourly Rates that are Recoverable in this District.

Applications for attorneys' fees in the Second Circuit are analyzed using the "lodestar" method, which is based on the reasonable hourly rate for the attorneys who worked on the case and the number of hours reasonably expended on the litigation by each attorney. *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011); *Williams v. Metro-N. R.R. Co.*, No. 1:17-CV-03847 (JGK), 2018 WL 3370678, at *2 (S.D.N.Y. June 28, 2018), *report and recommendation adopted*, No. 17 CIV. 3847 (JGK), 2018 WL 3368713 (S.D.N.Y. July 10, 2018); *see also Wat Bey v. City of New York*, No. 01 CIV. 09406 (AJN), 2013 WL 12082743, at *32 (S.D.N.Y. Sept. 4, 2013), *aff'd sub nom. Rivera v. City of New York*, 594 F. App'x 2 (2d Cir. 2014).

To determine what constitutes a "reasonable hourly rate," courts ordinary look at (i) "what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Williams*, 2018 WL 3370678 at *2, and (ii) the "prevailing market rates" charged by lawyers of similar capabilities and experience "in the relevant community, regardless of whether plaintiff is represented by private or nonprofit counsel." *Blum v. Stenson*, 465 U.S. 886, 895–96 (1984). The relevant community for determining the market rate is ordinarily the district where the case was tried. *Williams*, 2018 WL 3370678 at *2. And, "the lodestar should be based on . . . current rates, rather than historical rates . . . in order to compensate for the delay in payment." *LeBlanc-Sternberg*, 143 F.3d at 757.

As more fully explained in the declarations of Neil A. Steiner, Ezra Rosenberg, and Jackson Chin, submitted concurrently herewith, Common Cause submits that hourly rates ranging from $200 per hour for paralegal time, $325 per hour for junior and midlevel associates (and similarly experienced public interest lawyers), $450 per hour for senior associates (and similarly experienced public interest lawyers) and $750 per hour for partners with substantial relevant trial experience are reasonable.

Moreover, Common Cause notes that the proposed rates for the Dechert attorneys are substantially lower than each "attorney's customary billing rate for fee-paying clients," which courts in this district have



Hon. Alison J. Nathan
January 31, 2020
Page 3

found "ordinarily" to be the "best evidence" of a reasonable hourly rate." *Williams*, 2018 WL 3368713 at *2. *See* Steiner Decl. ¶ 17. Similarly, the proposed rates for the lawyers from the Lawyers' Committee for Civil Rights Under Law and LatinoJustice PRLDEF are consistent with the rates sought for the Dechert lawyers with a similar number of years of experience, and lower than rates that would be charged by such lawyers if they practiced in private firms with fee-paying clients.

### III. Common Cause Has Established a Reasonable Number of Hours Billed and Exercised Billing Judgment.

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee," including "all hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435 (1983). Here, Common Cause brought a novel challenge against the State's voter list maintenance procedures regarding inactive voters, which required a thorough analysis of New York's as well as other states' list maintenance procedures regarding inactive voters. And, Common Cause achieved an extraordinary victory, including injunctive relief requiring the State to provide names of inactive voters registered to vote to poll workers.

While it would be appropriate to compensate counsel for all work performed by all lawyers who contributed to these excellent results, as more fully explained in the declarations Neil A. Steiner, Ezra Rosenberg, and Jackson Chin, submitted concurrently herewith, Common Cause's counsel have exercised billing judgment to eliminate duplication from their time entries given the large number of counsel involved. Steiner Decl. ¶ 8; Rosenberg Decl. ¶¶ 29-30; Chin Decl. ¶¶ 7-8. Specifically, Plaintiff's counsel have limited the fee application to work performed by a core team of ten attorneys and one paralegal and further limited the number of lawyers whose time was included for any particular task. In addition, as reflected in the below summary, to address any arguable remaining duplication or inefficiency arising from having one private law firm and two public interest organizations involved in representing Common Cause, Plaintiff's counsel have further applied an across-the-board 10% reduction to the total attorneys' fee request. *See* Steiner Decl. 8; Rosenberg Decl. ¶¶ 31, 39; Chin Decl. ¶ 9.

| Organization | Attorneys' Fees (After 10% Reduction) | Out-of-Pocket Costs |
|---|---|---|
| Dechert LLP | $865,572.75 | $175,002.68 |
| Lawyers' Committee for Civil Rights Under Law | $537,174.00 | $12,729.19 |
| LatinoJustice PRLDEF | $50,220 | $0 |
| Total | $1,452,966.75 | $187,731.87 |

Table 1: Total Fees and Out-of-Pocket Costs Sought

For the foregoing reasons, and as further demonstrated in the Declarations submitted herewith and the exhibits thereto, Plaintiff respectfully requests that the Court award it attorneys' fees in the amount of $1,452,966.75 and out-of-pocket costs in the amount of $187,731.87.

Respectfully submitted,

Neil A. Steiner