IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COMMON CAUSE/NEW YORK, as an organization and on behalf of its members,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT A. BREHM, Co-Executive Director, TODD D. VALENTINE, Co-Executive Director, in their official capacities as Co-Executive Directors of the **NEW YORK STATE BOARD OF ELECTIONS**; and PETER S. KOSINSKI, Co-Chair, DOUGLAS A. KELLNER, Co-Chair, ANDREW J. SPANO, Commissioner, and GREGORY P. PETERSON, Commissioner, in their official capacities as Commissioners of the **NEW YORK STATE BOARD OF ELECTIONS**,<br><br>Defendants. | CIVIL ACTION NO.<br><br>1:17-cv-06770-AJN |

I, Neil A. Steiner, declare as follows pursuant to 28 U.S.C. § 1746:

1. I am a member of the law firm Dechert LLP ("Dechert"), one of Plaintiff's counsel, and work in the firm's office in New York, New York. I joined Dechert in January 2005 as an associate and became a partner on January 1, 2006. Prior to joining Dechert, I was an associate with the New York firm Shereff, Friedman, Hoffman & Goodman, LLP and subsequently in the New York office of Swidler Berlin Shereff Friedman, LLP. I respectfully submit this Declaration in support of the letter brief for an award of attorneys' fees and costs of Plaintiff Common Cause/New York ("Common Cause").

2. I have had overall responsibility for Dechert's representation of Common Cause since the inception of this case in 2017.

3. In accordance with Dechert's standard practices, I contemporaneously recorded all of the time I spent on this action, which my assistant or our word processing department entered into Dechert's electronic billing system. Other lawyers, paralegals, summer associates, and other timekeepers at Dechert are likewise required to record their time spent on client matters contemporaneously and to enter or cause their assistants or our word process department to enter accurate time records and descriptions of work performed in the Dechert billing system.

4. During the course of Dechert's representation of Common Cause in this matter, a team of approximately 40 partners, associates, summer associates, paralegals, and other timekeepers devoted more than 3,685 hours to the highly successful representation of Common Cause.

5. Annexed hereto as Exhibit 1 is an Excel spreadsheet generated from Dechert's billing system, which sets forth the time detail of all time expended on this matter by Dechert timekeepers from the inception of Dechert's involvement through January 13, 2020. The time

detail accurately reflects the time expended by the timekeepers who recorded time on this matter, and all of the time recorded was actually expended for the purposes listed.

6. I did not necessarily record my time for every instance in which I discussed this case with other lawyers at Dechert or with co-counsel. Other Dechert timekeepers may likewise have determined not to record time in every instance in which he or she discussed this case with other lawyers at Dechert or with co-counsel. Any discrepancy between my reported time and that of others reflects a decision to exercise billing judgment by not recording time, and not an inaccuracy in the time records.

7. In addition, even though I am including in Exhibit 1 all of the time recorded by all Dechert timekeepers through January 13, 2020, in the exercise of my billing judgment, I have determined to limit the application for attorneys' fees and expenses to the time spent by the core team of Dechert lawyers and paralegals who worked on the matter, and am not seeking reimbursement for time spent by other Dechert attorneys and staff. Thus, the letter brief seeks fees for time spent only by the core team of six Dechert lawyers and one senior paralegal: Neil A. Steiner, Anna Q. Do, Hilary Bonaccorsi, Tharuni A. Jayaraman, Katherine N. Shorey, Meghan Agostinelli, and Tiffany Lewis.

8. In a further exercise of billing discretion, I have reviewed Dechert billing records. Even though, in my experience, I believe that all of the time expended by Dechert was reasonable and necessary in the representation of Common Cause in this action and in obtaining the exceptional results and that the staffing structure employed by Dechert and Common Cause's other counsel in this case is typical of the staffing on multi-year, complex litigation, to address any arguable duplication or inefficiency as a result of the number of lawyers involved in this action I limited Dechert's fee request to seeking reimbursement for no more than two lawyers'

time associated with participating in any particular conference call, meeting or deposition, and to three lawyers' time (plus paralegal time) at trial. Likewise, I have reduced the non-working travel time by Dechert timekeepers to no more than 50% of such non-working travel time. Finally, to address any arguable duplication or inefficiency arising from having Dechert as well as two public interest organizations involved in representing Common Cause, I have reduced the total requested attorneys' fees for work by Dechert timekeepers by 10%, and understand that my co-counsel have done the same with respect to the work performed by their respective organizations.

9. During this litigation, Dechert incurred costs and expenses for filing fees, transcript fees, expert witnesses, travel costs, photocopies, electronic research and similar out-of-pocket expenses ordinarily paid by a fee-paying client. Those expenses are recorded in Dechert's billing system. Annexed hereto as Exhibit 2 in an Excel spreadsheet summarizing the costs and expenses incurred by Dechert through December 31, 2019, which total $175,002.68.[1] This expense detail accurately reflects the costs and expenses incurred by Dechert in this matter.

10. I am a 1997 *magna cum laude* graduate of Harvard Law School with 21.5 years of legal experience. I have spent the entirety of my legal career litigating complex, high-stakes cases in federal and state courts and before arbitral tribunals throughout the United States and defending companies and individuals in governmental and regulatory investigations. I have also published at least nine articles on topics relating to securities litigation and investigations, am the co-author of two chapters in treatises on litigation in federal and New York state courts, and

---

[1] Because there can be a lag from the time certain expenses (such as deposition transcripts and travel reimbursement) is incurred and the date an invoice is received by Dechert and entered into our billing system, this total includes all costs entered into the billing system as of January 30, 2020.

taught a course entitled *Basic Skills for the New Litigating Attorney* for recent graduates of Cardozo Law School.

11. I am also active in *pro bono* matters. In addition to this action, I am currently representing Plaintiffs in a challenge of the Wisconsin voter identification statute (which has reached the Seventh Circuit Court of Appeals three times); an NVRA claim against the Kansas Secretary of State relating to voter registration at the Kansas Department of Motor Vehicles, which resulted in an injunction against the Kansas law following a bench trial (currently on appeal to the Tenth Circuit); a claim for against challenging the absentee voting requirements in the state of Mississippi; and a claim for violation of the fundamental right to vote against the four counties comprising metropolitan Atlanta.

12. My prior *pro bono* matters also included representing Plaintiffs and obtaining favorable settlements in NVRA claims in Ohio (which included arguing *Harkless v. Brunner*, a first-impression case in the Sixth Circuit Court of Appeals and the subsequent settlement of which resulted in more than 400,000 low-income Ohio citizens registering to vote in the two years following the settlement), Nevada (including arguing a successful appeal to the Ninth Circuit Court of Appeals), Georgia and New York City. In 2018, the *Financial Times* recognized me as one of the ten most innovative lawyers in North America for my *pro bono* work on voting rights cases, and recognized Dechert and our co-counsel at the ACLU with a "standout" ranking in the rule of law category for our work on the Kansas action. I am a member in good standing of the bar of the State of New York, the bars of the United States Courts of Appeals for the Second, Sixth, Seventh and Ninth Circuits, and the bars of the United States District Courts for the Southern, Eastern and Northern Districts of New York, the Eastern District of Michigan and Eastern District of Wisconsin.

13.  Anna Q. Do is a senior associate in the firm's litigation practice group. She obtained a Juris Doctor, with Honors, from Loyola Law School Los Angeles in 2011. She has been admitted to practice in California since 2011. Following law school, Ms. Do clerked for then-Chief Bankruptcy Judge of the Eastern District of California, the Honorable Christopher M. Klein. Ms. Do has extensive trial experience as a team member on several trials in state and federal courts across the United States, including the State of New York. In addition to this case, in which she has been involved since its inception, Ms. Do has assisted with other voting rights cases as part of her *pro bono* practice, including a matter involving challenges to California's voter list maintenance procedures.

14.  Hilary Bonaccorsi is an associate in the firm's financial services and data privacy and cybersecurity practices. She obtained a Bachelor of Arts, *magna cum laude*, from the University of Rochester in 2007 and a Juris Doctor, with Honors, from The University of Texas School of Law in 2014. Prior to law school, Ms. Bonaccorsi served as a paralegal at Condon & Forsyth LLP where she assisted in representing the aviation defendants in litigation arising from the September 11th terrorist attacks. While in law school, Ms. Bonaccorsi served as a judicial intern for the Honorable Joseph N. Laplante in the United States District Court for the District of New Hampshire. Ms. Bonaccorsi has been admitted to practice in the Commonwealth of Massachusetts since 2014. In addition to this case, in which she has been involved since its inception, Ms. Bonaccorsi has assisted with other voting rights cases as part of her *pro bono* practice, including the challenges to the Wisconsin voter identification statute and the NVRA claim against the State of Kansas.

15.  Tharuni A. Jayaraman is an associate in the firm's litigation practice group. Ms. Jayaraman obtained a Bachelor of Arts, *summa cum laude*, Phi Beta Kappa, from The University

6

of Pennsylvania in 2011 and a Master in Public Policy from the Harvard Kennedy School in 2016. She obtained a Juris Doctor, *cum laude*, from Harvard Law School in 2016. Her JD/MPP capstone/thesis was entitled, "Protecting the Right to Vote: A Toolkit for Lawyer-Organizers Working to Protect the Right to Vote of Native Americans." While in law school, Ms. Jayaraman was a legal intern at the Voting Rights Project of the Lawyers' Committee for Civil Rights Under Law, where she worked on the National Commission on Voting Rights' 2014 report on voting discrimination entitled, "Protecting Minority Voters: Our Work is Not Done." Ms. Jayaraman has been admitted to practice in the State of New York since 2017 and the District of Columbia since 2018. Ms. Jayaraman maintains an active voting rights *pro bono* practice. In addition to this case, in which she has been involved since its inception, Ms. Jayaraman has worked extensively with me on the NVRA claim against the State of Kansas. She has also assisted on the challenge to the Wisconsin voter identification statute.

16. Katherine N. Shorey is an associate in the firm's financial services practice group. She obtained a Bachelor of Arts from Boston College in 2014 and a Juris Doctor from Cornell Law School in 2017. Ms. Shorey has been admitted to practice in the State of New York since 2018 and in the Commonwealth of Massachusetts since 2017.

17. Meghan Agostinelli is an associate in the firm's product liability/mass tort group and works primarily on large-scale product liability matters. She obtained a Bachelor's degree in Science, Phi Beta Kappa, with highest honors, from the University of Wisconsin-Madison in May 2014. She obtained a Juris Doctor from Northwestern Pritzker School of Law in 2018. Ms. Agostinelli has been admitted to practice in the State of New York since 2019.

18. Tiffany Lewis is a senior paralegal in the firm's litigation practice group.

19. Based on my review of recent case law in this district, I believe that the appropriate hourly rates for Dechert lawyers for purposes of this fee request are as set forth in Table 1 below. As is also show in Table 1 below, these rates are significantly below the standard hourly rates paid by fee-paying clients.

| Attorney Name | Hourly Rate Requested | Current (2020) Billing Rate |
|---|---|---|
| Neil A. Steiner | $750 | $1,285 |
| Anna Q. Do | $450 | $945 |
| Hilary Bonaccorsi | $325 | $900 |
| Tharuni A. Jayaraman | $325 | $810 |
| Katherine N. Shorey | $325 | $720 |
| Meghan Agostinelli | $325 | $630 |
| Tiffany Lewis (Paralegal) | $200 | $215 |

Table 1: Hourly Rates for Dechert Attorneys

20. The total fees sought for the Dechert timekeepers for whose work an award of fees is sought is summarized in Table 2 below, including the total hours worked by each timekeeper, the hours charged and the applicable rate. The table below does not include the hours expended by the other Dechert timekeepers for which an award of fees is not being sought, but the number of hours expended and description of work performed is included for those timekeepers in Exhibit 1.

| Attorney Name | Hours | Hourly Rate Requested | Total (Without 10% Deduction) | Total Requested |
|---|---|---|---|---|
| Neil A. Steiner | 410.90 | $750 | $308,175.00 | $277,357.50 |
| Anna Q. Do | 377.40 | $450 | $169,830.00 | $152,847.00 |
| Hilary Bonaccorsi | 342.10 | $325 | $111,182.50 | $100,064.25 |
| Tharuni A. Jayaraman | 508.00 | $325 | $165,100.00 | $148,590.00 |
| Katherine N. Shorey | 232.70 | $325 | $75,627.50 | $68,064.75 |
| Meghan Agostinelli | 240.90 | $325 | $78,292.50 | $70,463.25 |
| Tiffany Lewis (Paralegal) | 267.70 | $200 | $53,540.00 | $48,186.00 |
| **Total** | 2,379.70 | | $961,747.50 | **$865,572.75** |

Table 2: Total Fees Requested for Dechert Attorneys

21. Based on the foregoing, I believe that an appropriate calculation of Dechert's lodestar fees, after exercising billing judgment as described above, is $865,572.75. In addition,

8

Dechert advanced costs in the total amount of $175,002.68 for which I believe reimbursement is appropriate.

I declare under penalty of perjury that the forgoing is true and correct. Executed this 31st day of January 2020.

_____
NEIL A. STEINER