# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

**COMMON CAUSE/NEW YORK, as an organization and on behalf of its members,**

v.

**ROBERT A. BREHM**, Co-Executive Director, **TODD D. VALENTINE**, Co-Executive Director, in their official capacities as Co-Executive Directors of the **NEW YORK STATE BOARD OF ELECTIONS**; and **PETER S. KOSINSKI,** Co-Chair, **DOUGLAS A. KELLNER,** Co-Chair, **ANDREW J. SPANO,** Commissioner, and **GREGORY P. PETERSON**, Commissioner, in their official capacities as Commissioners of the **NEW YORK STATE BOARD OF ELECTIONS,**

**COMMON CAUSE/NEW YORK, as an organization and on behalf of its members,**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:    7/9/2020

CIVIL ACTION NO.
1:17-cv-06770-AJN

**STIPULATION OF SETTLEMENT FOR FEES AND COSTS**

This STIPULATION OF SETTLEMENT FOR FEES AND COSTS (the "Stipulation") is made by and between Plaintiff Common Cause/New York ("Common Cause" or "Plaintiff"), as an organization and on behalf of its members, and Defendants New York State Board of Elections, Todd D. Valentine and Robert Brehm, in their official capacities as Co-Executive Directors of the Board of Elections, Peter S. Kosinski and Douglas A. Kellner, in their official capacities as Co-Chairs of the New York State Board of Elections; Andrew J. Spano and Gregory P. Peterson, in their official capacities as Commissioner of the New York State Board of Elections ("Defendants") (collectively, the "Parties").

1

## RECITALS

A.      On September 6, 2017, Plaintiff filed this Action against Defendants, alleging that New York's procedure of not including "inactive" voters in poll books constitutes an unlawful removal in violation of Section 8 of the National Voter Registration Act (the "NVRA"), 52 U.S.C. § 20507(b).  Dkt. 1. On November 17, 2017, Defendants filed a motion to dismiss.  Dkt. 36.  On September 30, 2018, the Court granted the motion to dismiss in part and denied it in part. Dkt. 58.

B.      On December 21, 2018, Plaintiff filed an Amended Complaint, alleging that New York's voter removal process violates the fundamental right to vote contained in the Fourteenth Amendment and the NVRA.  Dkt. 70.  Specifically, Plaintiff challenged two of New York's election practices—not providing a list of inactive voters at poll sites on Election Day and requiring inactive voters to vote via affidavit ballots.  Defendants answered the Amended Complaint on January 25, 2019.  Dkt. 73.

C.      In October 2019, the Court conducted a four-day bench trial.

D.      On January 10, 2020, the Court issued its decision (the "Decision").  Dkt. 185. Specifically, the Court held that by not providing lists of inactive voters at poll sites on Election Day, Defendants had violated the Equal Protection Clause of the Constitution.  *Id.* at 59.  The Court further held that Plaintiff had "identified three individuals as to whom the State [had] violated its obligations under the NVRA."  *Id.* at 58.  Tthe Court found that requiring inactive voters to vote via affidavit ballots did not violate the Fourteenth Amendment of the Constitution. *Id.* at 59.  Accordingly, the Court ordered the Defendants to "provide the names of inactive voters registered to vote in a particular election district to the poll workers of that election district."  *Id.*  The Court further ordered that in that event that Plaintiff sought the reimbursement

of "the costs and disbursements incurred in connection with this action," it should "submit letter briefing justifying its request no later than three weeks from the date of this Order." *Id.* at 60.

 E.  Accordingly on January 31, 2020, and pursuant to 42 U.S.C. §1988, 52 U.S.C. § 10310(e), and 52 U.S.C. § 20510(c), Plaintiff submitted its letter brief seeking an award of attorneys' fees in the amount of $1,452,966.75 and out-of-pocket costs in the amount of $187,731.87 ("Plaintiff's Fee Application").

 F.  On February 18, 2020, the Parties requested a two-week extension to the briefing schedule on the Fee Application to provide time to reach a settlement without Court intervention. Dkt. 191. The Court granted this request. Dkt. 192.

 G.  On March 4, 2020, the Parties informed the Court that they had reached an agreement-in-principle regarding the Fee Application and requested that the Court adjourn *sine die* the briefing on the Fee Application. Dkt. 193. The Parties further agreed to provide the Court with a status report on or before May 31, 2020. *Id.* The Court granted this request. Dkt. 194.

 H.  The Parties now seek to resolve Plaintiff's Fee Application on the terms set forth in this Stipulation.

 NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Stipulation, the Parties hereby agree as follows:

   **1.**  **Resolution of Fee Application**

 Upon the payments to Plaintiffs' Counsel of all amounts required by Section 3 hereof, the Fee Application is withdrawn with prejudice and without further payments, attorneys' fees, costs, disbursements or expenses except as specified in Paragraph 3 of this Stipulation. This

Stipulation shall not in any manner be construed as determinative of the issues raised in the Fee Application and is not an admission or concession by Defendants concerning the reasonableness of the billing rates or number of hours charged by Plaintiff's counsel in any other action or proceeding by Plaintiff, its counsel, or others against Defendants and/or the State of New York as it relates to any request for attorney's fees and costs pursuant to 42 U.S.C. §1988 or otherwise, other than in connection with Plaintiff's pending application for an award of attorneys' fees and expenses in this Action in the event approval of the Settlement Amount Payment required by Paragraph 4 is not obtained within one hundred twenty days from this Stipulation being "So Ordered" by the Court.

## 2.  **Release**

In exchange for the payments provided for in Paragraph 3 of this Stipulation and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Plaintiff and Plaintiff's counsel, on behalf of themselves, their successors and assigns (collectively, the "Releasing Parties"), agree to accept the payments provided in Paragraph 3 in complete satisfaction of any and all claims, allegations, or causes of action for attorneys' fees, expert fees, costs, disbursements, or expenses incurred in this action prior to the execution of this Stipulation, with prejudice and without further payments, attorneys' fees, expert fees, costs, disbursements, or expenses except as specified in Paragraph 3, and hereby release and forever discharge Defendants and the State of New York, together with all of their present and former principals, officers, directors, members, trustees, shareholders, employees, agents, attorneys, insurers, agencies, subdivisions, subsidiaries, heirs, administrators, and assigns, individually and in their official capacities (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money,

accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and

demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the

Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all

of the Released Parties, for or by reason of attorneys' fees, expert fees, costs, disbursements, and

expenses incurred in this action, except as provided in this Stipulation. The Releasing Parties

additionally agree not to seek any fees, costs, or other monetary obligations beyond the payments

specified in Paragraph 3 hereof incurred in connection with any future request for entry of

judgment and/or other relief in this action that is unopposed by the Defendants (meaning that

Defendants do not file any response opposing, contesting, disputing or challenging the relief

sought), except in the event Defendants are found to be in contempt of court for failing to

comply with the Decision.

   3.   **Payment to Plaintiff's Counsel**

   For and in consideration of the undertakings by Plaintiff set forth in this Stipulation,

including the provisions of Paragraphs 1 and 2 above, and other good and valuable consideration,

the sufficiency of which is hereby acknowledged, the State of New York, on behalf of

Defendants, agrees to pay to Plaintiff's respective counsel the gross sum of one million eighty-

six thousand, seven hundred and thirty one dollars and eighty seven cents ($1,086,731.87) (the

"Settlement Amount Payment"), for which an IRS Form 1099 shall be issued to Plaintiff's

counsel in the respective amounts set forth below, in full and complete satisfaction of any and all

claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses

incurred by Plaintiff or Plaintiff's attorneys for any and all counsel who have at any time

represented or assisted Plaintiff in the Action, or in connection with any other proceeding,

administrative, judicial, or otherwise and any other claim or action arising from or based upon

any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. This Settlement Amount Payment is comprised of $899,000 in fees and $187,731.87 in costs. The Settlement Amount Payment shall be paid by separate checks delivered to Plaintiff's respective counsel as follows:

**Dechert, LLP -**      **$175,002.68**

**The Lawyers' Committee for Civil Rights Under Law -**   **776,879.19**

**LatinoJustice -**      **$134,850.00**

Total: $1,086,731.87

### 4. <u>State Approval of Payments</u>

The Settlement Amount Payment set forth in Paragraph 3 is subject to the approval of all appropriate officials of the State of New York in accordance with Section 17 of the New York Public Officers Law. Plaintiff and its counsel agree to execute and deliver promptly all necessary or appropriate vouchers and other documents requested with respect to obtaining such approval and effectuating such payment.

### 5. <u>Accrual of Interest</u>

Interest on any part of the Settlement Amount Payment defined in Paragraph 3 not paid by the one hundred twentieth day after receipt by the Office of the Attorney General of a "So Ordered" copy of this Stipulation entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 3 and 4 of this Stipulation shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C. § 1961, beginning on the one hundred and twenty-first day.

**6.  Liability of Plaintiff's Counsel for Taxes**

Plaintiff's counsel agree that any taxes on the Settlement Amount Payment defined in Paragraph 3 and/or interest or penalties imposed by any taxing authority on such payments shall be their sole and complete responsibility on a several basis to the extent of the Settlement Amount Payment actually paid to such counsel.  Plaintiff and its counsel shall have no claim, right, or cause of action against Defendants or the State of New York (including but not limited to any and all agencies, departments, or subdivisions thereof) or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such interest or penalties. In the event that any taxing authority or any other federal, state, or local government, administrative agency, or court issues a final determination that Defendants or the State of New York, or any of their offices, agencies, departments, divisions, or subdivisions are liable for the failure of Plaintiff's counsel to pay federal, state, or local income, or other taxes or withholdings with respect to any portion of the Settlement Amount Payment defined in Paragraph 3, or are liable for interest or penalties related thereto, Plaintiff's counsel agree, severally and not jointly, to reimburse and indemnify Defendants or the State of New York, or any of their offices, agencies, departments, divisions, or subdivisions for such liability with respect to any portion of the Settlement Amount Payment defined in Paragraph 3, so long as Plaintiff's counsel have been provided with notice of any such claim or proceeding promptly following receipt of notice of such claim or proceeding by Defendant and/or the State of New York; provided, however, that each Plaintiffs' counsel's responsibility and liability for any reimbursement or indemnification under this section (Section 6) shall be limited to the amount of the Settlement Amount Payment actually received by such Plaintiffs' counsel.

**7.  Responsibility of Plaintiff and Plaintiff's Counsel for Liens and Setoffs**

7

Plaintiff and Plaintiff's counsel agree that neither Defendants nor the State of New York, nor any of their offices, agencies, departments, divisions, subdivisions, or current or former officials, employees, or agents, whether in their individual or official capacities, shall be responsible for the satisfaction of liens or the payment of setoffs of any kind which may attach to the Settlement Amount Payment defined in Paragraph 3. Plaintiff and Plaintiff's counsel shall have no claim, right, or cause of action against Defendants or the State of New York, or any of their offices, agencies, departments, divisions, subdivisions, or current or former officials, employees, or agents, whether in their individual or official capacities, on account of such liens or setoffs.

### 8. **No Other Counsel**

Plaintiff represents and warrants that besides the undersigned attorneys for Plaintiff, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise, and acknowledges that this representation constitutes a material inducement for Defendant to enter into this Settlement Agreement. **Waiver of Appeal**

In further consideration of Plaintiff's execution of this Stipulation, Defendant waives the right to appeal, and shall not appeal, the Court's January 10, 2020 Decision, Dkt. 185, or any other judgment or order related to this action

### 9. **Miscellaneous Provisions**

a. <u>Entire Agreement</u>: This Stipulation constitutes the entire agreement between the Parties pertaining to the Fee Application, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the Parties, whether written or oral, with

respect to the Fee Application, and may not be clarified, modified, changed, or amended except in a writing duly executed by the Parties or an authorized representative of the Parties.

b. <u>Governing Law</u>: The terms of this Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, without regard to choice-of-law rules.

c. <u>Severability</u>: If any provision of this Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

d. <u>Voluntary Agreement</u>: The Parties hereto execute and deliver this Stipulation voluntarily after being fully informed of its terms, contents and effect, and acknowledge that they or it understands its terms, contents and effect. Each of the Parties acknowledges that they or it has been represented by counsel of their or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

e. <u>Authority</u>: Each signatory to this Stipulation hereby represents and warrants that they or it has the requisite authority to enter into this Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Stipulation.

f. <u>Successors and Assigns</u>: The terms and conditions of this Stipulation shall inure to the benefit of and be binding upon, the successors and assigns of each Party.

g. <u>Execution</u>: This Stipulation may be executed in any number of counterparts, each of which shall be deemed an original and which, taken together shall constitute one and the same instrument, and may be executed by facsimile or electronically scanned signature.

h.  Headings: The headings contained in this Stipulation are for convenience or reference only and are not a material part of this Stipulation.

i.  Submission to the Court: This Stipulation shall be submitted to the Court to be "So Ordered" without further notice.  The Court shall have exclusive jurisdiction over this Stipulation.

IN WITNESS WHEREOF, the Parties acknowledge that they have read this Stipulation and accept and agree to the provisions contained herein and have each executed this Stipulation to be effective on the day and date indicated below.

/s/

**DECHERT LLP**
Neil A. Steiner
Katherine Shorey (*pro hac vice*)
1095 Avenue of the Americas
New York, NY 10036
(212) 891-9418
neil.steiner@dechert.com
katherine.shorey@dechert.com

Anna Do (*pro hac vice*)
Dechert LLP
633 West 5th Street
Suite 4900
Los Angeles, CA  90071
(213) 808-5700
anna.do@dechert.com

Hilary Bonaccorsi (*pro hac vice*)
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02129
(617) 728-7153
hilary.bonaccorsi@dechert.com

Tharuni Jayaraman (*pro hac vice*)
1900 K Street NW
Washington, DC  20006
(202) 261-3420

/s/ _____

**Brian Lee Quail**
New York State Board of Elections
40 North Pearl Street
Albany, NY 12207
Telephone: 518-474-2063
Fax: 518-486-4068
Brian.quail@elections.ny.gov

**Nicholas Robert Cartagena**
New York State Board of Elections
40 North Pearl Street
Albany, NY 12207
Telephone: 518-474-2063
Fax: 518-486-4068
Nicholas.cartagena@elections.ny.gov

**William J. McCann, Jr.**
NYS Board of Election
40 North Pearl Street
Albany, NY 12207-2109
Telephone: 518-474-2063
Fax: 518-486-4068
William.mccann@elections.ny.gov

*Attorneys for Defendants*

10

h.  Headings: The headings contained in this Stipulation are for convenience or reference only and are not a material part of this Stipulation.

i.  Submission to the Court: This Stipulation shall be submitted to the Court to be "So Ordered" without further notice.  The Court shall have exclusive jurisdiction over this Stipulation.

IN WITNESS WHEREOF, the Parties acknowledge that they have read this Stipulation and accept and agree to the provisions contained herein and have each executed this Stipulation to be effective on the day and date indicated below.

/s/ _____

**DECHERT LLP**
Neil A. Steiner
Katherine Shorey (*pro hac vice*)
1095 Avenue of the Americas
New York, NY 10036
(212) 891-9418
neil.steiner@dechert.com
katherine.shorey@dechert.com

Anna Do (*pro hac vice*)
Dechert LLP
633 West 5th Street
Suite 4900
Los Angeles, CA  90071
(213) 808-5700
anna.do@dechert.com

Hilary Bonaccorsi (*pro hac vice*)
One International Place, 40th Floor
100 Oliver Street
Boston, MA 02129
(617) 728-7153
hilary.bonaccorsi@dechert.com

Tharuni Jayaraman (*pro hac vice*)
1900 K Street NW
Washington, DC  20006
(202) 261-3420

/s/ _____

**Brian Lee Quail**
New York State Board of Elections
40 North Pearl Street
Albany, NY 12207
Telephone: 518-474-2063
Fax: 518-486-4068
Brian.quail@elections.ny.gov

**Nicholas Robert Cartagena**
New York State Board of Elections
40 North Pearl Street
Albany, NY 12207
Telephone: 518-474-2063
Fax: 518-486-4068
Nicholas.cartagena@elections.ny.gov

**William J. McCann, Jr.**
NYS Board of Election
40 North Pearl Street
Albany, NY 12207-2109
Telephone: 518-474-2063
Fax: 518-486-4068
William.mccann@elections.ny.gov

*Attorneys for Defendants*

tharuni.jayaraman@dechert.com

/s/ _____

**Lawyers' Committee for Civil Rights Under Law**

Ezra Rosenberg (*pro hac vice*)
John Powers (*pro hac vice*)
Ryan Snow (*pro hac vice*)
1500 K Street N.W., Suite 900
Washington, D.C.  20005
(202) 662-8336
erosenberg@lawyerscommittee.org
jpowers@lawyerscommittee.org
rsnow@lawyerscommittee.org


/s/ _____

**LatinoJustice PRLDEF**
Jackson Chin
Jose Luis-Perez
LatinoJustice PRLDEF
475 Riverside Drive, Suite 1901
New York, New York 10115
(212) 739-7572
jchin@latinojustice.org
jperez@latinojustice.org

*Attorneys for Plaintiff*
*Common Cause/New York*




SO ORDERED, this ___7___ day of ___July___, 2020.


_____

THE HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

tharuni.jayaraman@dechert.com

/s/ _____
**Lawyers' Committee for Civil Rights Under Law**

Ezra Rosenberg (*pro hac vice*)
John Powers (*pro hac vice*)
Ryan Snow (*pro hac vice*)
1500 K Street N.W., Suite 900
Washington, D.C.  20005
(202) 662-8336
erosenberg@lawyerscommittee.org
jpowers@lawyerscommittee.org
rsnow@lawyerscommittee.org

/s/ *Jose Perez*
**LatinoJustice PRLDEF**
Jackson Chin
Jose Luis-Perez
LatinoJustice PRLDEF
475 Riverside Drive, Suite 1901
New York, New York 10115
(212) 739-7572
jchin@latinojustice.org
jperez@latinojustice.org

*Attorneys for Plaintiff*
*Common Cause/New York*

SO ORDERED, this ___7___ day of __July__, 2020.

_____

THE HONORABLE ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE